**DYKEMA GOSSETT LLP**
DEREK S. WHITEFIELD, SBN: P38045 165731 24048259
TAMARA A. HUSBANDS, SBN: 197153
DOMMOND E. LONNIE, SBN: 142662
ANDREA F. VENTURA, SBN: 249568
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone:  (213) 457-1800
Facsimile:   (213) 457-1850
**DWhitefield@dykema.com**
**THusbands@dykema.com**
**DLonnie@dykema.com**
**AVentura@dykema.com**

Attorneys for Defendant
GENERAL MOTORS LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| THOMAS E. CANAVESIO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GENERAL MOTORS COMPANY LLC; and DOES 1 through 100, inclusive,<br><br>　　　　Defendant. | Case No.:  2:11-CV-00200-JAM-EFB<br><br>**STIPULATION FOR ENTRY OF PROTECTIVE ORDER;**<br><br>**PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED and agreed by the undersigned counsel for each of the parties to this action that, in order to facilitate discovery, in which the plaintiff may request from General Motors LLC ["GM"] documents that GM or others contend contain proprietary, trade secret and confidential information and/or other documents, that the following confidentiality protective order shall be entered by the Court.

Dated: _____, 2011   **LAW OFFICES OF MICHAEL R. QUIRK**

signature on original

By: _____
Michael R. Quirk
Attorneys for Plaintiff
THOMAS E. CANAVESIO

Dated: _____, 2011   **LAW OFFICES OF DONALD F. SETH**

signature on original

By: _____
Donald F. Seth
Attorneys for Plaintiff
THOMAS E. CANAVESIO

Dated: _____, 2011   **DYKEMA GOSSETT LLP**

signature on original

By: _____
Derek S. Whitefield
Tamara A. Husbands
Dommond E. Lonnie
Attorneys for Defendant
GENERAL MOTORS LLC

# CONFIDENTIALITY PROTECTIVE ORDER

Pursuant to the foregoing stipulation of the parties, it is hereby ordered as follows:

1. GM may designate documents and/or other information produced or disclosed in discovery as "Confidential Documents Produced Pursuant to Protective Order" or similar designation (hereinafter "Confidential Information"), which designation shall make such items and all copies, prints, summaries, disclosures or other reproductions of such information subject to this Order. Except as provided in paragraph 2, all Confidential Information provided after the date of this Order will be clearly stamped or labeled "Confidential Documents Produced Pursuant to Protective Order," or similar designation. This Protective Order shall also apply to oral depositions, or portions thereof, designated as "Confidential" by Defendant in accordance with Paragraph 2.

2. To preserve the formatting/presentation of certain data, GM may produce some documents or information in native format (including certain testing documents that are stored as .daq or .xls files). Documents produced digitally in native format will not be individually stamped or labeled. Instead, CDs containing the data will be labeled with a confidential designation. Any person who copies CDs also must stamp or label the copies with a confidential designation. In the case of a deposition or oral examination, counsel for Defendant may, during or within 30 days after a written transcript of a deposition is received from the court reporter, designate testimony or exhibits as "Confidential." The designation shall be in writing and served upon all counsel, making clear the portions of the transcript subject to this order.

3. As more specifically set forth below in Paragraph 9, below, no later than 60 days after Defendant's production of Confidential Information and before termination of this litigation, should Plaintiff dispute the confidentiality designation

as to any document, materials or information, Plaintiff may apply to the Court for an Order removing the confidentiality designation from documents, materials or information that Plaintiff claims do not qualify as trade secret, confidential, competitively sensitive and/or proprietary information.

4. Confidential Information that is subject to this Order may be disclosed only to (a) the receiving party (including receiving party's legal representatives), (b) attorneys for the receiving party and their paralegal and clerical staffs, and (c) experts and consultants retained or individuals consulted by the receiving party or their attorneys for assistance in trial preparation or for testimony (hereinafter "recipients"). Disclosure shall be made to recipients only as necessary for the prosecution of the lawsuit and only after the recipient has been informed of the terms of this Order and has agreed to be bound by it. Before Confidential Information is disclosed to anyone, the intended recipient shall be first presented with a copy of this Order, and after reading it and agreeing to be bound by its terms, sign the attached form of "Written Assurance," attached as Exhibit A (hereinafter "Assurance"). Assurances signed by experts shall be provided to counsel for GM when experts are disclosed. Assurances signed by consultants, whether or not they are retained by the receiving party, shall be retained by the receiving party's counsel for as long as they retain their file after termination of the case. Designated documents or information shall not be disclosed to any person or in any manner not specified in this Order.

5. If any party other than GM wishes to file Confidential Information with the Court for any reason, that party shall only reference the GM materials by bates number in the Court filing and, if necessary, file redacted copies of the documents. That party will also lodge the unredacted documents and records with the Court in compliance with Local Rule 141. The party wishing to file Confidential Information must provide GM with written notice that the records and other documents lodged will be placed in the public court file unless GM files a timely motion or application to seal the records under Local Rule 141. Within ten (10) days of this notification,

1  GM may file a motion or application for an order sealing the Confidential
2  Information. Pending determination of the motion or application, the lodged
3  document(s) will be conditionally under seal.  Until such time as the Court issues an
4  order sealing the Confidential Information, the original party seeking to use the
5  Confidential Information may refer only to the redacted version of the Confidential
6  Information.  Upon granting of an order sealing the record, the document(s) will be
7  sealed and labeled by the court clerk according to Local Rule 141.

8  6. Confidential Information may be referred to by a party in notices,
9  motions, briefs or any other pleadings, may be used in depositions, and may be
10 marked as deposition exhibits in this action.  No such information shall be used,
11 however, for any of these purposes unless it, or the portion where Confidential
12 Information is revealed, is appropriately marked and protected from dissemination
13 and, where filing is necessary, separately filed under seal with the Court pursuant to
14 the provisions of paragraph 5, above.

15 7. ~~If, at the time of trial, a party intends to introduce Confidential~~
16 ~~Information into evidence, they shall, pursuant to Local Rule 141, lodge the~~
17 ~~documents with the Court, file redacted copies of the documents and provide GM~~
18 ~~with written notice. Counsel for GM shall then have the burden to obtain a ruling~~
19 ~~regarding sealing of the record under Rule 2.551 of the California Rules of Court (or~~
20 ~~applicable court rule).  Until a determination is made by the Court, the Confidential~~
21 ~~Information shall be lodged with the Court conditionally under seal.  In any event, a~~
22 ~~party intending to introduce Confidential Information must allow sufficient time to~~
23 ~~address the issue of preserving confidentiality with the Court.~~  If a party intends to
24 introduce Confidential Information into evidence at trial, they shall submit a
25 stipulation or request for a trial protective order pursuant to Eastern District of
26 California Local Rule 141.1(b)(2).

27 8. No documents shall be filed under seal unless an appropriate order is
28 entered in accordance with Local Rule 141.  Unless and until such an order is entered,

5

1  confidential material shall be lodged separately as exhibits and will be returned to
2  counsel upon completion of the hearing for which the confidential material is
3  submitted.

4      9. Recipients of Confidential Information are, either by virtue of direct
5  application of this Order or by virtue of the execution of the Assurance referred to in
6  paragraph 4 above, bound by the terms and restrictions of this Order and are subject
7  to the jurisdiction of this Court for the purpose of enforcing the terms of this Order.

8      10. If any party to this stipulation wishes to modify this Order or its
9  application to certain Confidential Information, the party shall first request such
10 modification from GM, or counsel for GM, and if no satisfactory agreement is
11 reached, may petition the Court for modification.  Until modification is granted by
12 agreement or Order, the terms of this Order will govern.  In the event that a party
13 petitions the Court to modify the application of this Order as to certain Confidential
14 Information, it shall be GM's burden to demonstrate to the Court that the documents it
15 designates should remain protected.

16     11. This Order shall not preclude the parties from exercising any rights or
17 raising any objections otherwise available to them under the rules of discovery and
18 evidence.

19     12. Upon termination of this lawsuit, by judgment, settlement or voluntary
20 dismissal, the receiving party's counsel and any recipients of Confidential
21 Information shall within 60 days return to GM's counsel all Confidential Information
22 received under this Order, including all copies, prints, summaries, and other
23 reproductions of such information; however, counsel for the receiving party may keep
24 an index of the documents for as long as they retain their file after termination of the
25 case, and instead of disclosing materials containing their work product, destroy rather
26 than return such materials.

27     13. It shall be the responsibility of counsel for each and every receiving
28 party to act to safeguard and preserve the confidentiality of Confidential Information.

1  Said counsel shall undertake all steps necessary to preserve the confidentiality of
2  Confidential Information, including but not limited to: (1) monitoring the release of
3  Confidential Information to recipients and by recipients; (2) obtaining the Assurances
4  described in paragraph 4 above.

5  DATED:   May 17, 2011.

     *[signature]*
     EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A"**

**WRITTEN ASSURANCE**

STATE OF _____

COUNTY OF _____

I, _____, hereby attest to my understanding that Confidential Information is being provided to me pursuant to the terms and conditions and restrictions of the Confidentiality Protective Order of _____, 2011, in *Thomas E. Canavesio v. General Motors Company, LLC, et al.*, and that I have been given a copy of and have read the Protective Order and understand its terms. I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced.  I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding.  I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure. Further, I agree to subject myself to the jurisdiction of the United States District, Eastern District of California, in and for any contempt proceeding or other

1    appropriate sanctions as the Court may deem proper for a violation of the Court's
2    Protective Order.

3                                                    _____

6    Subscribed and sworn to before me this _____ day of _____, 2011.

8    _____
9    NOTARY PUBLIC

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# PROOF OF SERVICE

*Thomas E. Canavesio v. General Motors Company LLC*
USDC Eastern District of California, Case No. 2:11-CV-00200-JAM-EFB

I am over the age of 18 and not a party to the within action. I am employed in the County of Los Angeles, State of California by Dykema Gossett LLP. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On May 13, 2011, I served the foregoing document described as Stipulation for Entry of Protective Order; Protective Order on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| **Michael R. Quirk, Esq.**<br>1615 Bonanza Street, Suite 207<br>Walnut Creek, CA  94596<br>Telephone:  (925) 943-6400<br>Facsimile:  (925) 943-6500<br><br>E-mail:  mquirk@pacbell.net | Attorney for Plaintiff<br>*Thomas E. Canavesio* |
| **Donald F. Seth, Esq.**<br>2200 Range Avenue, Suite 202<br>Santa Rosa, CA  95403<br>Telephone:  (707) 545-6370<br>Facsimile:  (707) 545-9770<br><br>E-mail:  donsethlawoffice@yahoo.com<br>          donaldfseth@gmail.com | Co-Counsel for Plaintiff<br>*Thomas E. Canavesio* |

☐ **BY MAIL**:  I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business.  And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

☐ **BY ELECTRONIC MAIL**: By consent of recipients listed on the attached service list, I caused the above-named document to be served via e-mail.

☒ **BY ELECTRONIC SERVICE**: By E-filing and transmission of the above-listed document via the CM/ECF system with the U.S. District Court, Eastern District of California.

☐ **BY FACSIMILE**:  I caused the attached documents to be transmitted to the interested party in this action by faxing a true copy from facsimile telephone number (213) 457-1850.  The document was transmitted by facsimile transmission and the transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

☐ **BY PERSONAL SERVICE**:  I delivered such envelope by hand to the offices of the addressee.

☐ **BY OVERNIGHT COURIER**:  Via Federal Express.

☒ (Federal) I declare that I employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 13, 2011, at Los Angeles, California.

Karen Votava

PAS01\189135.1
ID\DEL - 105940/0022

STIPULATION FOR ENTRY OF PROTECTIVE ORDER;
PROTECTIVE ORDER